UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

BRANDON MITCHELL,

    Plaintiff,

v.                                      CIVIL ACTION NO. 2:24-cv-00560

THE ALLEN COMPANY, INC.,
WAL-MART STORES EAST, LP,
and FICTITIOUS PARTIES A, B, C, D, E and F,
*whether singular or plural, being those individuals
or entities that owned, maintained, serviced,
manufactured, designed, transported or was otherwise
responsible for the Allen Krypto Arrows whose true and
correct names are unknown to Plaintiff*

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is Plaintiff Brandon Mitchell's Motion to Remand [ECF 9], filed November 7, 2024. Defendant Wal-Mart Stores East, LP ("Walmart") responded in opposition [ECF 11] on November 20, 2024, to which Plaintiff replied [ECF 15] on November 27, 2024. Plaintiff further moved to strike the inclusion of Plaintiff's Confidential Settlement Demand ("Settlement Demand") from the record and Walmart's pleadings. [ECF 15]. The matter is ready for adjudication.

### I.

On July 24, 2022, Mr. Mitchell injured his right wrist and hand when an Allen Kryptos Arrow exploded upon release from a compound bow. [ECF 1-1 at ¶ 21]. The arrow was designed by The Allen Company, Inc. ("Allen Company") and sold by Walmart. [*Id.* at ¶ 16].

On April 30, 2024, Brandon Mitchell instituted this action in the Circuit Court of Kanawha County. [ECF 1 at 3]. He alleges strict liability, negligence, and breach of express and implied warranty. [ECF 1-1 at ¶ 27–62]. Service of process was not perfected. [ECF 10 at 2]. On May 13, 2024, Mr. Mitchell filed a first amended complaint. [*Id.*]. Process was served on May 16, 2024. [*Id.*]. On July 3, 2024, he filed a second amended complaint ("Complaint"). [*Id.*]. Process was thereafter properly served on July 5, 2024. [*Id.*]. The Complaint seeks compensatory and punitive damages for (1) "extreme and permanent nerve damage to his wrist and hand," (2) "scarring, loss of enjoyment of life, lost wages, future lost wages and a loss or impairment of his future earning capacity," and (3) "substantial medical expenses . . . ." [ECF 1-1 at ¶ 23–25].

Mr. Mitchell sent a prefiling Confidential Settlement Communication ("Settlement Demand") to Allen Company's former counsel. [ECF 1-3]. The detailed Settlement Demand forecast damages exceeding $75,000. [*Id.*]. It referenced medical bills and lost wages. [*Id.*]. Long after the July 5, 2024, service of process, former counsel for Allen Company began transmitting case-related documents to new counsel. [ECF 1-2]. The transmission included the Settlement Demand. On October 9, 2024, Walmart removed on diversity grounds. [ECF 1]. It asserted removal was timely inasmuch as "Walmart received [on September 9, 2024, an] 'other paper[,]' [namely the Settlement Demand,] pursuant to 28 U.S.C. § 1446 . . . ." [*Id.* at 6].

On November 7, 2024, Mr. Mitchell filed the Motion to Remand. [ECF 9]. He alleges Walmart's Notice of Removal was "untimely, constituting a waiver of such removal" inasmuch as it was filed 96 days after service of process and 146 days after service of the first amended complaint. [ECF 10 at 5]. Walmart responds it was "not on notice that the amount in controversy . . . exceeded the jurisdictional minimum" until it received the Settlement Demand on September 9, 2024. [ECF 11 at 3].

## II.

Title 28 U.S.C. § 1446 specifies the procedure for removing civil actions to federal court. The pertinent provisions are recited below:

> **(a) Generally.**--A defendant . . . desiring to remove . . . from a State court shall file . . . a notice of removal . . . containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
>
> **(b) Requirements; generally.**--(1) The notice of removal . . . shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> . . . .
>
> (3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.
>
> **(c) Requirements; removal based on diversity of citizenship.**--
>
> . . .
>
> (2) If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that--
>
>> (A) the notice of removal may assert the amount in controversy if the initial pleading seeks--
>>
>>> (i) nonmonetary relief; or
>>>
>>> (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits

3

>> recovery of damages in excess of the amount demanded;
>
> and
>
> (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).
>
> (3)(A) If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an "other paper" under subsection (b)(3).

28 U.S.C. § 1446(a), (b)-(c); *see Caterpillar Inc. v. Lewis*, 519 U.S. 61, 69 (1996); *Northrop Grumman Tech. Servs., Inc. v. DynCorp Int'l LLC*, 865 F.3d 181, 186 (4th Cir. 2017).

As indicated in § 1446, if there is diversity between the parties, a defendant must remove, as applicable, within (1) 30 days after receiving a complaint with a specific monetary demand exceeding the jurisdictional threshold, (2) 30 days after receiving a complaint with, *inter alia*, an unspecified monetary demand that a removing defendant may nevertheless show, by a preponderance of the evidence, actually exceeds the jurisdictional minimum, or (3) 30 days after defendant receives a pleading, motion, order or other paper first demonstrating the amount in controversy is otherwise satisfied.[1] 28 U.S.C. §§ 1446(b), (c)(2)-(3); *see Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014); *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 367 (4th Cir. 2013); *Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997).

---

[1] In West Virginia, a specific monetary demand is prohibited in personal injury and wrongful death actions. *See* W. Va. Code § 55-7-25; *Scaralto v. Ferrell*, 826 F. Supp. 2d 960, 969 (S.D. W. Va. 2011) ("These attributes are particularly important now that fewer complaints contain an *ad damnum* clause as a result the West Virginia legislature's adoption of West Virginia Code § 55–7–25.").

Removability hinges "upon the state of the pleadings and the record at the time of removal . . . ." *Francis*, 709 F.3d at 367 (quoting *Alabama Great S. Ry. Co. v. Thompson*, 200 U.S. 206, 216 (1906)). "In this circuit, it is settled that the . . . the amount in controversy . . . is 'the pecuniary result to either party which [a] judgment would produce.'" *Dixon v. Edwards*, 290 F.3d 699, 710 (4th Cir. 2002) (quoting *Gov't Employees Ins. Co. v. Lally,* 327 F.2d 568, 569 (4th Cir. 1964)).

### III.

Absent invocation of the "other paper" corollary, Walmart was required to remove by June 17, 2024, or 30 days after it was served with process including the first amended complaint. 28 U.S.C. § 1446(b)(3).  Walmart claims, however, the Settlement Demand received by it on September 9, 2024, qualifies as an "other paper" that first triggered the removal timer. If an earlier statutory trigger was pulled, however, Walmart may not avail itself of the "other paper" corollary.[2] 28 U.S.C. § 1446(c)(3)(A).

The amended complaint disclosed Mr. Mitchell sought monetary relief exceeding the jurisdictional minimum. Specifically, he requested compensatory and punitive damages and included within this itemization: (1) "extreme and permanent nerve damage to his wrist and hand," (2) "scarring, loss of enjoyment of life, lost wages, future lost wages and a loss or impairment of his future earning capacity," and (3) "substantial medical expenses to obtain the necessary care and treatment for his injuries." [ECF 1-1 at ¶ 23–25]. One would readily ascertain these compensatory items tallied close to, if not beyond, $75,000. When coupled with an exemplary damage request, the statutory threshold is certainly exceeded. *See Marsh v. American Elec. Power*

---

[2] It is undisputed that complete diversity of citizenship exists for purposes of 28 U.S.C. § 1332(a). [ECF 11 at 1–2.]

*Co.*, 207 W. Va. 174, 530 S.E.2d 173 (1999) (affirming a jury verdict award of $137,806.42 for past and future medical expenses, lost earnings, impairment of future earnings capacity, and punitive damages in a negligence case); *Davis v. Celotex Corp.*, 187 W. Va. 566, 420 S.E.2d 557 (1992) (affirming a punitive damage award of $40,000 for products liability claim). Removal was thus untimely.

### IV.

The removal timer was first triggered by the May 16, 2024, service of process that included the amended complaint. Walmart's October 9, 2024, removal was thus untimely.

Accordingly, the Court **GRANTS** Plaintiff's Motion to Remand [**ECF 9**]. The Court additionally **GRANTS** Mr. Mitchell's Motion to Strike a Portion of Defendant Wal-Mart Stores East, LP's Notice of Removal and Response [**ECF 15**], with the Clerk directed to forthwith seal Exhibit C from ECF 1 and Exhibit B from ECF 11.

The Court **DIRECTS** the Clerk to send a copy of this written opinion and order to counsel of record, to any unrepresented party, and to the Clerk of the Circuit Court of Kanawha County.

ENTER:　　January 22, 2025

Frank W. Volk
Chief United States District Judge